In the

# United States Court of Appeals
## For the Seventh Circuit

---

No. 18-2883

CRAFTWOOD II, INC., and CRAFTWOOD III, INC.,

*Plaintiffs-Appellants,*

*v.*

GENERAC POWER SYSTEMS, INC., and COMPREHENSIVE MARKETING, INC.,

*Defendants-Appellees.*

---

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 17 C 4105 — **Robert W. Gettleman**, *Judge.*

---

ARGUED MARCH 27, 2019 — DECIDED APRIL 1, 2019

---

Before EASTERBROOK, KANNE, and HAMILTON, *Circuit Judges.*

EASTERBROOK, *Circuit Judge.* Two corporations, Craftwood II and Craftwood III, operate hardware businesses in California. They contend in this suit under the Telephone Consumer Protection Act, 47 U.S.C. §227, that defendants sent them unsolicited fax advertisements. Defendants moved to dismiss the complaint under Fed. R. Civ. P. 12(b)(1), con-

tending that plaintiffs lack standing to sue. The district judge granted that motion—not so much because he found the lack of an injury as because he thought that defendants had substantially (though not technically) met the requirements of a defense in §227(b)(1)(C). On appeal defendants contend expressly what is only implicit in the district court's decision: that unless plaintiffs prove injury *from a violation of law*, the suit must be dismissed for lack of a case or controversy. That proposition contradicts the holding of *Bell v. Hood*, 327 U.S. 678 (1946), among many other decisions showing that a plaintiff's failure on the merits does not divest a federal court of jurisdiction.

The difference between a jurisdictional and a substantive characterization of a defense matters not just because federal courts must raise jurisdiction on their own, even if the litigants are content to have a federal judge resolve the dispute, but because different procedures apply to jurisdictional and substantive issues. When subject-matter jurisdiction—which is to say, the power to hear and decide the case at all—is at stake, a district judge may resolve factual disputes and make any findings necessary to determine the court's adjudicatory competence. Fed. R. Civ. P. 12(b)(1); *Venezuela v. Helmerich & Payne International Drilling Co.*, 137 S. Ct. 1312, 1316 (2017); *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 184 (1936). If the court has jurisdiction, however, then it must take all plausible allegations in favor of the complainant when handling a motion to dismiss under Rule 12(b)(6) or for judgment on the pleadings under Rule 12(c). *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). And if the complaint states a claim for relief, then a material factual dispute will defeat a motion for summary judgment under Rule 56 and entitle the plaintiff to a trial. See, e.g., *Celotex Corp. v.*

*Catrett*, 477 U.S. 317 (1986). By treating a defense as if it were an element of subject-matter jurisdiction, the district court transgressed these allocations of authority.

Standing to sue is established by allegations (and, if necessary, proof) of injury, caused by the defendant, and redressable by a favorable judicial decision. See, e.g., *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992); *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016). Plaintiffs allege that they received unsolicited fax ads, causing at least two kinds of injury: printing the faxes used paper and toner, which are costly, and the need to read the incoming faxes diverted the time of one or more employees from the businesses' profitable endeavors. These are concrete rather than abstract losses. The injuries may have been slight, but an "identifiable trifle" suffices. *United States v. SCRAP*, 412 U.S. 669, 689 & n.14 (1973). Plaintiffs' injuries were caused by the defendants' faxed ads and may be redressed by an award of damages. We have resolved dozens of fax-ad suits on the merits without suspecting that we were violating Article III of the Constitution. This suit is no more constitutionally suspect than they. Whether it is good public policy to use the cumbersome and costly process of adjudication to resolve disputes about annoying fax ads is for Congress to decide.

We have thought about the possibility of revising the district court's decision to be a dismissal on the merits, rather than for lack of standing, but conclude that such a step would be inappropriate, for several reasons.

First, it is presumptively unlawful to send any unsolicited fax advertisement. Copies of some faxes are in the record, and there's no doubt that they are advertisements. Plaintiffs allege that they were unsolicited. That makes out a plausible

claim for relief. Defendants invoke an affirmative defense, but complaints need not anticipate or attempt to plead around potential defenses. See, e.g., *Gomez v. Toledo*, 446 U.S. 635 (1980); *United States Gypsum Co. v. Indiana Gas Co.*, 350 F.3d 623, 626 (7th Cir. 2003).

Second, precisely because a complaint need not anticipate defenses, it is difficult to see how the suit could be dismissed on the pleadings. Instead the defense has factual components: the existence of a business relation between plaintiff and defendant, the recipient's provision of a fax number as part of that business relation, and the inclusion in the unsolicited fax of "a notice meeting the requirements under paragraph (2)(D)" of §227(b). Defendants assert that the first two elements have been met but do not contend that the third is satisfied. So they have not so much as argued that the defense obtains as a matter of law.

Third, allegations must be supported by evidence. Defendants say, and the district judge found, that "plaintiffs" have an established business relation with them, and that "plaintiffs" furnished their fax numbers. For their part, however, plaintiffs contend that only one of them (Craftwood II) was doing business with only one of the defendants (Comprehensive Marketing). That Craftwood II and Craftwood III are under common control does not make them the same thing—not, at least, unless the requirements for lateral veil piercing have been satisfied. Defendants and the district judge did not address that subject. Nor did defendant Generac show that it has an established business relation with either plaintiff. Perhaps plaintiffs are wrong about who was doing business with whom, but it looks like we have the

makings of a material factual dispute, which a district judge could not resolve at the pleading stage.

Fourth, there is the problem of the "notice meeting the requirements under paragraph (2)(D)" of §227(b). Defendants' notice, which is in the record, reads (all errors in the original):

> The information in this facsimile message is privileged and confidential information, intended for the addressee If you have received this message in error, or if the recipient of this communication does not desire to receive future communications from the sender. The recipientmustnotifythe sender of the same with a return fax to 830-916-0736 or call Toll Free 1-877-325-2526

Beyond the oddity of telling the recipient of an unwanted fax that it "must" do something is the omission of two bits of information that the statute insists be included: that the recipient has a legal right to avoid future fax ads and that the sender must comply with an opt-out request "within the shortest reasonable time" as determined by federal rules (30 days). The district court said, essentially, "no harm no foul": plaintiffs used the number in the notice, and the ads stopped coming. That's yet more factfinding outside the scope of the complaint, and it amounts to a conclusion that the "identifiable trifle" of the cost and annoyance of the fax ads already received, plus the opportunity cost of the time needed to stop more faxes from arriving, just can't support a claim. Perhaps a judge or jury could decide that any award exceeding nominal damages would be inappropriate, but that's some distance from saying that there has been neither injury nor a violation of law.

To the extent that the district judge believed it possible to resolve the suit on the merits in part (the first two compo-

nents of the affirmative defense) and then dismiss the rest for want of jurisdiction (because the third component of the defense creates a bare procedural right, of the sort discussed in *Spokeo*), it was making a fundamental error. Jurisdiction almost always depends on the state of matters when a suit begins. See, e.g., *Freeport-McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426 (1991); *Louisville, New Albany & Chicago Ry. v. Louisville Trust Co.*, 174 U.S. 552, 566 (1899); *Mollan v. Torrance*, 22 U.S. 537, 539–40 (1824). (We put the possibility of mootness to one side. Whatever it is, this case is not moot.) A court cannot resolve part of a plaintiff's claim on the merits and then say that the residue is outside federal jurisdiction. *Johnson v. Wattenbarger*, 361 F.3d 991 (7th Cir. 1994). Whether or not there would be standing to complain about the precise wording of the opt-out language when that was the only asserted source of injury—*St. Louis Heart Center, Inc. v. Nomax, Inc.*, 899 F.3d 500 (8th Cir. 2018), gives a negative answer—this suit began as more than that.

The district court erred in dismissing the complaint for lack of jurisdiction, and it would not be appropriate to dismiss it under Rule 12(b)(6) or 12(c) either. Perhaps, after discovery (which has yet to occur), the record will show the absence of a material factual dispute. But as things stand plaintiffs have a plausible grievance.

The judgment is vacated, and the case is remanded for proceedings consistent with this opinion.