In the

# United States Court of Appeals

## For the Seventh Circuit

No. 16-3355

CORY GROSHEK,

*Plaintiff-Appellant,*

*v.*

TIME WARNER CABLE, INC.,

*Defendant-Appellee.*

Appeal from the United States District Court for the
Eastern District of Wisconsin.
No. 2:15-cv-00157-pp — **Pamela Pepper**, *Judge.*

No. 16-3711

CORY GROSHEK, and all others
similarly situated,

*Plaintiff-Appellant,*

*v.*

GREAT LAKES HIGHER EDUCATION
CORPORATION,

*Defendant-Appellee.*

Appeal from the United States District Court for the
Western District of Wisconsin.
No. 3:15-cv-00143-jdp — **James D. Peterson**, *Chief Judge.*

ARGUED FEBRUARY 22, 2017 — DECIDED AUGUST 1, 2017

Before BAUER and WILLIAMS, *Circuit Judges,* and DEGUILIO,[*]
*District Judge.*

BAUER, *Circuit Judge.* Over the course of a year and a half,
Appellant Cory Groshek submitted 562 job applications to
various employers, including Appellees Time Warner Cable,
Inc. and Great Lakes Higher Education Corporation (collec-
tively, "Appellees").[1] The job application, which Appellees
provided to Groshek, included a disclosure and authorization
form informing him that a consumer report may be procured
in making the employment decision; the form also contained
other information, such as a liability release. After Groshek
submitted the job application, along with the signed disclosure
and authorization form, Appellees requested and obtained a
consumer report on him from a third party.

[*] Of the United States District Court for the Northern District of Indiana,
sitting by designation.

[1] We consolidated Groshek's appeals; and we need not discuss the specifics
for each individual case because the underlying facts are consistent, except
where noted.

Shortly thereafter, Groshek filed a class-action suit against Appellees under the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*, seeking statutory and punitive damages for alleged violations of 15 U.S.C. § 1681b(b)(2)(A).[2] This section prohibits a prospective employer from procuring a consumer report for employment purposes unless certain procedures are followed: (i) a clear and conspicuous disclosure has been made in writing to the job applicant at any time before the report is procured, in a document that consists solely of the disclosure, that a consumer report may be obtained for employment purposes (commonly known as the "stand-alone disclosure requirement"); and, (ii) the job applicant has authorized in writing the procurement of the report. *See id.* § 1681b(b)(2)(A)(i)-(ii).

In his complaint, Groshek alleged that Appellees violated § 1681b(b)(2)(A)(i). As the predicate for his claimed statutory and punitive damages, he alleged that this violation was willful. *See id.* § 1681n. Additionally, he alleged that, as a result of the violation of § 1681b(b)(2)(A)(i), Appellees failed to obtain a valid authorization from him before procuring a consumer report, in violation of § 1681b(b)(2)(A)(ii).

---

[2]  We will note the timing of the events leading up to the filing of the complaint: Groshek applied to Time Warner on September 22, 2014, worked his first day as an employee on October 24, 2014, resigned voluntarily on January 28, 2015, requested settlement negotiations on January 30, 2015, and filed a class-action complaint on February 6, 2015. As for Great Lakes, Groshek had an in-person interview on February 6, 2014, submitted the job application before February 11, 2014, and filed a class-action complaint on March 5, 2014.

Appellees moved to dismiss for lack of subject matter jurisdiction, arguing that Groshek lacked Article III standing because he did not suffer a concrete injury; Groshek responded that he suffered concrete informational and privacy injuries. The district court granted Appellees' motion. This appeal followed.

Article III of the Constitution limits our review to actual "Cases" and "Controversies" brought by litigants who demonstrate standing. The "irreducible constitutional minimum of standing" consists of three elements: injury in fact, causation, and redressability. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992). The plaintiff bears the burden of establishing each element. *Id.* at 561. In order to survive a challenge to standing, a plaintiff must plead sufficient factual allegations, that "plausibly suggest" each of these elements. *Silha v. ACT, Inc.*, 807 F.3d 169, 174 (7th Cir. 2015).

To establish injury in fact, Groshek must show that he "suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1548 (2016) (quoting *Lujan*, 504 U.S. at 560). To be "concrete," an injury "must actually exist;" it must be "real," not "abstract," but not necessarily tangible. *Id.* at 1548–49. In determining whether an alleged intangible harm constitutes a concrete injury in fact, both history and Congress' judgment are important. *Id.* at 1549.

First, we consider whether the common law permitted suit in analogous circumstances. *Id.* We also recognize that Congress is well positioned to identify intangible harms that will

give rise to concrete injuries, which were previously inadequate in law. *Id.* Nevertheless, "Congress' judgment that there should be a legal remedy for the violation of a statute does not mean each statutory violation creates an Article III injury." *Meyers v. Nicolet Rest. of De Pere, LLC*, 843 F.3d 724, 727 (7th Cir. 2016). For instance, a plaintiff cannot satisfy the injury-in-fact element by alleging a "bare procedural violation" that is "divorced from any concrete harm." *Spokeo*, 136 S. Ct. at 1549. Instead, the plaintiff must show that the statutory violation presented an "appreciable risk of harm" to the underlying concrete interest that Congress sought to protect by enacting the statute. *Meyers*, 843 F.3d at 727; *see also Spokeo*, 136 S. Ct. at 1549–50.

In enacting the FCRA, Congress identified the need to "ensure fair and accurate credit reporting," and "protect consumer privacy." *Safeco Ins. Co. v. Burr*, 551 U.S. 47, 52 (2007). "Congress plainly sought to curb the dissemination of false information by adopting procedures designed to decrease that risk." *Spokeo*, 136 S. Ct. at 1550. The stand-alone disclosure and authorization requirements are procedures closely tied to FCRA's overarching goals. Congress was concerned that employers' authority to obtain consumer reports on job applicants "may create an improper invasion of privacy." S. Rep. No. 104-185 at 35 (1995). Section 1681b(b)(2)(A)(i), the stand-alone disclosure requirement, is clearly designed to decrease the risk of a job applicant unknowingly providing consent to the dissemination of his or her private information. Section 1681b(b)(2)(A)(ii), the authorization requirement, further protects consumer privacy by providing the job applicant the ability to prevent a prospective employer from

procuring a consumer report, *i.e.*, by withholding consent. S. Rep. No. 104-185 at 35 (1995).

Here, Groshek did not allege that Appellees failed to provide him with a disclosure that informed him that a consumer report may be obtained for employment purposes. His complaint contained no allegation that any of the additional information caused him to not understand the consent he was giving; no allegation that he would not have provided consent but for the extraneous information on the form; no allegation that additional information caused him to be confused; and, no allegation that he was unaware that a consumer report would be procured. Instead, he simply alleged that Appellees' disclosure form contained extraneous information. We conclude that Groshek has alleged a statutory violation completely removed from any concrete harm or appreciable risk of harm.

First, Groshek argues that he suffered a concrete informational injury as a result of Appellees' failure to provide a disclosure compliant with § 1681b(b)(2)(A)(i). As support, he relies on the general rule arising out of *Federal Election Commission v. Akins*, 524 U.S. 11 (1998) and *Public Citizen v. Department of Justice*, 491 U.S. 440 (1989), two cases that *Spokeo* referenced as instances where a violation of a procedural right was sufficient to constitute an injury in fact. *See Spokeo*, 136 S. Ct. at 1549.

In both *Akins* and *Public Citizen*, the Supreme Court held generally that "a plaintiff suffers an 'injury in fact' when the plaintiff fails to obtain information which must be publicly disclosed pursuant to a statute." *Akins*, 524 U.S. at 22 (citing

*Pub. Citizen*, 491 U.S. at 449). In *Public Citizen*, the plaintiff specifically requested, and had been refused, information. 491 U.S. at 449. The plaintiff filed suit against the defendant under the Federal Advisory Committee Act, in an attempt to compel the defendant to publicly disclose information as required by FACA. *Id.* The Supreme Court held that the inability to scrutinize the withheld information to the extent FACA allowed constituted an injury in fact. *Id.* The Supreme Court reasoned that the plaintiff's injury was akin to when "an agency denies requests for information under the Freedom of Information Act … ." *Id*. As the Supreme Court noted, the plaintiff's injury was not simply the inability to obtain information, but also the inability to monitor and participate effectively in the judicial selection process without such information. *See id.*

Similarly, the plaintiffs in *Akins*, after a failed request for information, filed suit to compel the defendant to provide information that was required to be disclosed under the Federal Election Campaign Act of 1971. 524 U.S. at 19–20. The Supreme Court held that the plaintiffs' inability to procure information under FECA qualified as a concrete injury. *Id.* The Supreme Court noted that the plaintiffs' harm was not simply the inability to obtain information, but also mentioned their inability to evaluate candidates for public office without such information—an informational injury "directly related to voting, the most basic of political rights … ." *Id.* at 24–25. The Supreme Court determined that FECA sought to protect the plaintiffs "from the kind of harm they say they have suffered … ." *Id.* at 22.

Groshek's reliance on *Akins* and *Public Citizen* is misplaced for two reasons. First, unlike the plaintiffs in *Akins* and *Public Citizen*, Groshek is not seeking to compel Appellees to provide him with information. Groshek has not alleged that, after realizing he was provided with a non-compliant disclosure, he requested that Appellees provide him with a compliant disclosure and was denied. Because Groshek has not "fail[ed]" to obtain information, he has not suffered an informational injury as illustrated in *Akins* and *Public Citizen*.

The second reason is that, unlike the statutes at issue in *Akins* and *Public Citizen*, the statute here does not seek to protect Groshek from the kind of harm he claims he has suffered, *i.e.*, receipt of a non-compliant disclosure. *See Akins*, 524 U.S. at 21–25.[3] Congress did not enact § 1681b(b)(2)(A)(i) to protect job applicants from disclosures that do not satisfy the requirements of that section; it did so to decrease the risk that a job applicant would unknowingly consent to allowing a prospective employer to procure a consumer report. Under the circumstances here, *Akins* and *Public Citizen* are inapposite. Groshek has failed to demonstrate that he has suffered a concrete informational injury.

---

[3] For this same reason, Groshek's reliance stemming from *Havens Realty Corp. v. Coleman*, 455 U.S. 363 (1982), a case that was cited in *Spokeo*'s concurring and dissenting opinions, is also misplaced. *See Spokeo*, 136 S. Ct. at 1553 (Thomas, J. concurring); *id.* at 1555 (Ginsburg, J. dissenting). *Havens Realty* also demonstrates that, in order to have an informational-based injury, the injury must be "precisely the form the statute was intended to guard against … ." 455 U.S. at 373.

Next, Groshek contends that he suffered a privacy injury as a result of the violation of § 1681b(b)(2)(A). Section 1681b(b)(2)(A)(ii)'s authorization requirement does implicate privacy interests. S. Rep. No. 104-185 at 35 (1995). It is also well established that "[v]iolations of rights of privacy are actionable … ." *Gubala v. Time Warner Cable, Inc.*, 846 F.3d 909, 912 (7th Cir. 2017).

As mentioned above, Groshek alleged that, as a result of Appellees' failure to provide him with a compliant disclosure, Appellees failed to obtain a valid authorization from him to procure a consumer report, in violation of § 1681b(b)(2)(A)(ii). But, this is a conclusory allegation which we discard when considering well-pleaded factual allegations. *See Diedrich v. Ocwen Loan Servicing, LLC*, 839 F.3d 583, 589 (7th Cir. 2016). Because Groshek admits that he signed the disclosure and authorization form, he cannot maintain that he suffered a concrete privacy injury.

Lastly, we briefly highlight the Ninth Circuit's opinion in *Syed v. M-I, LLC*, 853 F.3d 492 (9th Cir. 2017), which was decided after briefing but was a topic of discussion at oral argument and in supplemental briefing. There, the plaintiff alleged in his complaint that he discovered, within the previous two years, that the defendant obtained a consumer report for employment purposes based on an illegal disclosure and authorization form. *Id.* at 499. The court held that this allegation was sufficient to confer standing because it inferred that the plaintiff was "deprived of the right to information and the right to privacy" under 15 U.S.C. §1681b(b)(2)(A)(i)-(ii). *Id.* The court, drawing all reasonable inferences in plaintiff's favor

determined that the plaintiff was "confused by the inclusion of the liability waiver with the disclosure and would not have signed it had it contained a sufficiently clear disclosure, as required by the statute." *Id.* at 499–500.

*Syed* is inapposite. The Ninth Circuit had factual allegations from which it could infer harm, whereas Groshek alleges none. Unlike the plaintiff in *Syed*, Groshek presents no factual allegations plausibly suggesting that he was confused by the disclosure form or the form's inclusion of a liability release, or that he would not have signed it had the disclosure complied with 15 U.S.C. § 1681b(b)(2)(A)(i).

We conclude that Groshek has not alleged facts demonstrating a real, concrete appreciable risk of harm. Because he has failed to demonstrate that he suffered a concrete injury, he lacks Article III standing. Accordingly, the judgments of the district courts are AFFIRMED.