In the

# United States Court of Appeals
## For the Seventh Circuit

———————————

No. 16-3663

KIMBERLY AKER, *et al.*,

*Plaintiffs-Appellants,*

*v.*

AMERICOLLECT, INC., and COLLECTION ASSOCIATES, LTD.,

*Defendants-Appellees.*

———————————

Appeal from the United States District Court
for the Eastern District of Wisconsin.
Nos. 15-C-0002 & 15-C-0613 — **C.N. Clevert, Jr.**, *Judge.*

———————————

ARGUED APRIL 11, 2017 — DECIDED APRIL 13, 2017

———————————

Before WOOD, *Chief Judge*, and FLAUM and EASTERBROOK, *Circuit Judges*.

EASTERBROOK, *Circuit Judge*. Plaintiffs received medical services but did not pay their bills. Their providers referred the debts to defendants, and dunning letters ensued. The debt collectors demanded payment not only of the principal sums but also of 5% per annum interest. Plaintiffs contend that this violates 15 U.S.C. §1692g(a)(1), part of the Fair Debt Collection Practices Act, which says that debt collectors must

specify the amount of the debt, plus other provisions of state and federal law. According to plaintiffs, Wisconsin law provides for interest (in the absence of a contractual provision) only if a debt has been reduced to judgment, and any prejudgment request for interest is forbidden.

The debt collectors might have replied that §1692g(a)(1) is satisfied by demanding a specific amount. They calculated interest, added it to the principal, and demanded payment of the resulting amount, rather than leaving the debtors to guess how much they owed. The FDCPA provides a means to contest whether the amount claimed is due. 15 U.S.C. §1692g(b). This implies that naming an incorrect figure is not automatically a violation of federal law. But defendants do not pursue this possibility, so we do not discuss it further. Instead they offer two principal responses.

First, they contend that interest under Wis. Stat. §138.04 runs automatically—unless debts are uncertain in amount, or a contract provides otherwise—and that a judgment just memorializes what state law requires. If this is so, then a demand for 5% interest does not seek more than the current amount of the debt.

Second, they rely on Wis. Stat. §426.104(4)(b), which creates a safe harbor for people who act in ways approved by the Administrator of Wisconsin's Department of Financial Institutions—and treats the absence of a response within 60 days of a request as equivalent to approval. The debt collectors sent the Administrator a letter asking if they are entitled to add 5% interest to debts created by the provision of medical services. The Administrator requested further information, which the debt collectors provided, and at that point the Department of Financial Institutions lapsed into silence.

The debt collectors say that this entitles them to the statutory safe harbor. The district court agreed with both of the defendants' arguments and granted summary judgment in their favor. *Myers v. Americollect Inc.*, 2016 U.S. Dist. LEXIS 136941 (E.D. Wis. Sept. 30, 2016).

One of the two arguments suffices on appeal. The safe-harbor statute provides:

> Any act, practice or procedure which has been submitted to the administrator in writing and either approved in writing by the administrator or not disapproved by the administrator within 60 days after its submission to the administrator shall not be deemed to be a violation of chs. 421 to 427 and 429 or any other statute to which chs. 421 to 427 and 429 refer notwithstanding that the approval of the administrator or nondisapproval by the administrator may be subsequently amended or rescinded or be determined by judicial or other authority to be invalid for any reason.

Plaintiffs seek to enforce their understanding of the interest statute through Wis. Stat. §427.104(1)(j), which forbids attempts to collect more than the debt owed. Chapter 427 is expressly covered by §426.104(4)(b). Nonetheless, plaintiffs insist that because demanding interest before a debt has been reduced to judgment is (in their view) a violation of §138.04, we should not accord deference to the Administrator's failure to disapprove the debt collectors' request. But §426.104(4)(b) is not about deference. It is a safe harbor, providing that the practices presented to the Administrator for opinion "shall not be deemed to be a violation" of other state laws, unless the Administrator later announces a different view or a court holds the Administrator's position to be invalid. Thus, when the defendants sent their dunning letters, they were entitled to demand payment of both the principal amounts and interest under §138.04. This means

that the letters also did not violate 15 U.S.C. §1692e(2)(A), which prohibits false representations about the character, amount, or legal status of a debt.

Plaintiffs maintain that §426.104(4)(b) is preempted by 15 U.S.C. §1692n, which says that states may add to but cannot subtract from the protections that the FDCPA offers to consumers. Yet §1692n has nothing to do with interest—or for that matter with any other component of the debt. Section 1692n deals with debt-collection practices, not how to determine the amount owed. The FDCPA itself provides that debt collectors may add interest when permitted by law. See 15 U.S.C. §1692f(1); *Miller v. McCalla, Raymer, Padrick, Cobb, Nichols & Clark, L.L.C.*, 214 F.3d 872, 876 (7th Cir. 2000). The safe harbor, if not §138.04 itself, permits defendants to add 5% interest to plaintiffs' debts.

State law is the right source for determining interest on a state-law debt. When federal law creates a debt, it may govern prejudgment interest too. See *Williamson v. Handy Button Machine Co.*, 817 F.2d 1290 (7th Cir. 1987) (Title VII of the Civil Rights Act of 1964); cf. *In re Oil Spill by the Amoco Cadiz off the Coast of France on March 16, 1978*, 954 F.2d 1279, 1331–37 (7th Cir. 1992) (US admiralty law, when parties declined to rely on other nations' rules). But plaintiffs' debts arise under state contract law, so the controlling question is whether state law allows a demand for interest before the debt has been reduced to judgment. Until the Administrator says something more, or a state court lifts the safe harbor under §426.104(4)(b) (and in addition rules that §138.04 does not by itself allow the debt collectors' practice), neither state nor federal law forbids dunning letters that demand 5% interest from debtors in Wisconsin.

*Veach v. Sheeks*, 316 F.3d 690 (7th Cir. 2003), on which plaintiffs principally rely, does not concern any feature of Wisconsin law. *Veach* held that a letter demanding a monetary amount plus treble damages that a court might award in the future under Indiana law did not comply with federal law because it did not specify the sum immediately payable. That conclusion has nothing to do with the parties' dispute about interest in Wisconsin. Other provisions of state and federal law mentioned in passing by the plaintiffs, and not addressed above, do not require separate analysis.

AFFIRMED