In the

# United States Court of Appeals

## For the Seventh Circuit

No. 19-1298

SANDRA BAZILE, individually and on behalf of all others simi-
larly situated,

*Plaintiff-Appellant,*

*v.*

FINANCE SYSTEM OF GREEN BAY, INC.,

*Defendant-Appellee.*

Appeal from the United States District Court for the
Eastern District of Wisconsin.
No. 18-cv-1415 — **William C. Griesbach**, *Judge.*

ARGUED APRIL 14, 2020 — DECIDED DECEMBER 15, 2020

Before EASTERBROOK, KANNE, and WOOD, *Circuit Judges.*

KANNE, *Circuit Judge.* This appeal centers on Article III
standing to sue for an alleged violation of the Fair Debt Col-
lection Practices Act ("FDCPA"). The district court was satis-
fied of the plaintiff's standing based on the court's reasoning
in a similar case, *Larkin v. Finance System of Green Bay Inc.*, No.
18-C-496, 2018 WL 5840769 (E.D. Wis. Nov. 8, 2018). We have
since reversed the district court's decision with respect to

standing in *Larkin* because the plaintiff in that case failed to allege any injury. *See Larkin v. Fin. Sys. of Green Bay, Inc.*, Nos. 18-3582 & 19-1557, --- F.3d ---, 2020 WL 7332483, at *4 (7th Cir. 2020).

Here, the plaintiff's complaint may survive dismissal as a matter of pleading. But that's not enough for the district court to decide the merits of the action; the truthfulness of the facts necessary for standing have been called into doubt, requiring further inquiry into whether the court has subject-matter jurisdiction.

At this stage in the litigation, the appropriate mechanism to resolve factual disputes about standing is an evidentiary hearing on the defendant's motion to dismiss under Rule 12(b)(1). In that setting, the district court may receive evidence, outside the complaint, on whether the plaintiff meets the standing requirements of Article III. We are not positioned to make the necessary findings of fact, so we remand for the district court to do so.

## I. BACKGROUND

According to Sandra Bazile's complaint, Finance System of Green Bay sent her a letter seeking to collect medical debts she had incurred. The dunning letter stated the date (September 19, 2017) and the total balance of the debt ($92.23), without indicating whether that amount may increase with the accrual of interest. Bazile filed a complaint against the debt collector. She alleged that the letter's exclusion of information concerning the accrual of interest was a violation of the FDCPA because the letter was misleading and did not provide "the amount of the debt." 15 U.S.C. § 1692g(a)(1); *see id.* § 1692e.

The collector moved to dismiss the complaint on two grounds: Bazile lacked standing to sue; and she failed to state a claim upon which relief can be granted, Fed. R. Civ. P. 12(b)(6).

The district court determined that its reasoning in *Larkin* applied: Bazile had sufficiently demonstrated standing because, like in *Larkin*, the violation she alleged amounted to a concrete injury by itself. The court agreed with the collector on the merits, however, and dismissed the complaint under Rule 12(b)(6). Bazile appealed.[1]

## II. ANALYSIS

We are presented with one question about subject-matter jurisdiction (whether Bazile has Article III standing to sue), and one question about the merits of the parties' dispute (whether Bazile's complaint states a claim upon which relief can be granted). We don't reach the merits, though, because jurisdiction is a threshold matter that needs to be further assessed on remand. *See Warth v. Seldin*, 422 U.S. 490, 498 (1975).

Standing is a threshold requirement because it derives from the Constitution's limit on federal courts' authority to resolve "cases" and "controversies." U.S. Const. art. III, § 2, cl. 1; *see Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 101–02 (1998). The plaintiff, as the party invoking the court's jurisdiction, must establish the elements of standing: she must prove that she has suffered a concrete and particularized injury that is both fairly traceable to the challenged conduct and likely to be redressed by a favorable judicial decision. *Spokeo,*

---

[1] For briefing, we consolidated this appeal with one in *Spuhler v. State Collection Service, Inc.*, No. 19-2630 (7th Cir. Dec. 15, 2020).

*Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992)). Whether the plaintiff has satisfied these criteria is a matter we review *de novo. See Lewert v. P.F. Chang's China Bistro, Inc.*, 819 F.3d 963, 966 (7th Cir. 2016).

Because standing is an essential ingredient of subject-matter jurisdiction, it must be secured at each stage of the litigation. *Lujan*, 504 U.S. at 561. At the pleading stage, "general factual allegations of injury resulting from the defendant's conduct may suffice." *Id.* That's because "we 'presum[e] that general allegations embrace those specific facts that are necessary to support the claim,'" *id.* (alteration in original) (quoting *Lujan v. Nat'l Wildlife Fed.*, 497 U.S. 871, 889 (1990)), and the allegations of fact—though they must be clearly alleged, *Spokeo*, 136 S. Ct. at 1547—need only "plausibly suggest" each element of standing, with the court drawing all reasonable inferences in the plaintiff's favor, *Silha v. ACT, Inc.*, 807 F.3d 169, 173–74 (7th Cir. 2015).

But even when a plaintiff's allegations sufficiently demonstrate standing at the outset of the action, they don't show standing for long. Once the allegations supporting standing are questioned as a factual matter—either by a party or by the court—the plaintiff must support each controverted element of standing with "competent proof," *McNutt v. Gen. Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 189 (1936), which we've understood as "a showing by a preponderance of the evidence, or proof to a reasonable probability, that standing exists," *Retired Chi. Police Ass'n v. City of Chicago*, 76 F.3d 856, 862 (7th Cir. 1996).

Importantly, even if a party does not challenge the court's subject-matter jurisdiction, "federal courts are obliged to

police the constitutional … limitations on their jurisdiction." *Kanzelberger v. Kanzelberger*, 782 F.2d 774, 777 (7th Cir. 1986). Thus, when a court is put on notice that an allegation integral to standing is probably false or if the complaint "fairly shriek[s] that there is no federal jurisdiction, the district judge must conduct whatever supplementary factual proceedings are necessary to resolve the doubt."[2] *Id.*

Here, Bazile alleged that the dunning letter did not "disclose that the amount of the debt may increase due to the accrual of interest" and that it failed "to disclose the amount of the debt as required by the FDCPA."

The collector responded to these allegations by moving to dismiss the complaint for failure to state a claim under Rule 12(b)(6). At the same time, the collector argued that Bazile lacked Article III standing. Although the collector did not identify its standing argument as a defense under Rule 12(b)(1), that is how we understand it and how the collector recognizes it on appeal.

Rule 12(b)(1) is the means by which a defendant raises a defense that the court lacks subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). This defense can take the form of a facial or a factual attack on the plaintiff's allegations. *See Apex Dig., Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 443–44 (7th Cir. 2009). A facial attack tests whether the allegations, taken as true, support an inference that the elements of standing exist. *See id.* In this way, a facial attack does not challenge the alleged facts themselves. But a factual attack does, testing the

---

[2] When a district court finds facts material to whether jurisdiction exists, we review those findings for clear error. *Reid L. v. Ill. State Bd. of Educ.*, 358 F.3d 511, 515 (7th Cir. 2004).

existence of jurisdictional facts underlying the allegations. *See id.* at 444. Accordingly, a plaintiff undergoing only a facial attack enjoys treatment of her allegations as true, but that benefit does not carry into the context of a factual challenge. *See id.* (quoting *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)). In that context, the court may consider and weigh evidence outside the pleadings to determine whether it has power to adjudicate the action. *See Venezuela v. Helmerich & Payne Int'l Drilling Co.*, 137 S. Ct. 1312, 1316 (2017); *Craftwood II, Inc. v. Generac Power Sys., Inc.*, 920 F.3d 479, 481 (7th Cir. 2019).

When the collector here moved to dismiss the complaint, it did not declare whether it was launching a facial or factual attack on Bazile's allegations. Most of the collector's assertions are facial in form; they point out how Bazile failed to allege certain injuries that she might have sustained. But the collector also made a factual assertion that conflicts with an inference one could reasonably draw from Bazile's complaint: while Bazile's allegations support an inference that interest was accruing on the debt, the collector asserted that interest was not accruing. The collector emphasized this factual contention on appeal, and also questioned whether the letter's omission of information about interest affected Bazile's response to the correspondence or to the debt. The collector did not press the district court on these factual challenges or ask the district court for an evidentiary hearing on them. And the district court did not address the factual dispute. It instead decided the jurisdictional matter on the pleadings, alone, based on its reasoning in *Larkin*.

The district court in *Larkin* concluded that an alleged violation under § 1692e or § 1692f of the FDCPA by itself

amounts to a concrete injury. But we held on appeal that "[i]t's not enough for an FDCPA plaintiff to simply allege a statutory violation; he must allege (and later establish) that the statutory violation harmed him 'or "presented an appreciable risk of harm to the underlying concrete interest that Congress sought to protect."'" *Larkin,* 2020 WL 7332483, at *4 (quoting *Casillas v. Madison Ave. Assocs., Inc.*, 926 F.3d 329, 333 (7th Cir. 2019)).

So a plaintiff must do more than allege an FDCPA violation to establish standing; she must also show personal harm. Which brings us to the key question in this case: Did Bazile suffer—or has she faced a real risk of suffering—a concrete injury from the collection letter's lack of information about whether the debt amount was increasing from the accrual of interest?

The nonreceipt of information to which a plaintiff is entitled under a statute may amount to a concrete injury, but only if it impairs the plaintiff's "ability to use [that information] for a substantive purpose that the statute envisioned." *Robertson v. Allied Sols., LLC*, 902 F.3d 690, 694 (7th Cir. 2018). In other words, a "bare procedural violation, divorced from any concrete harm," does not satisfy the injury-in-fact requirement of Article III. *Spokeo*, 136 S. Ct. at 1549. *Compare Lavallee v. Med-1 Sols., LLC*, 932 F.3d 1049, 1053 (7th Cir. 2019) (plaintiff who was denied information, disadvantaging her in ongoing litigation, suffered a concrete injury), *and Robertson*, 902 F.3d at 695–98 (plaintiff whose allegations suggested she had been denied substantive information, which limited her ability to respond to an adverse employment decision, adequately pled a concrete injury), *and Evans v. Portfolio Recovery Assocs., LLC*, 889 F.3d 337, 345 (7th Cir. 2018) (plaintiffs who suffered a real

risk of financial harm caused by an inaccurate credit rating had standing), *with Casillas*, 926 F.3d at 334–38 (plaintiff who alleged a procedural violation about the form of notice but who would have acted no differently if given proper notice did not plead a concrete injury).

The FDCPA requires collectors to inform debtors of the amount owed to protect debtors from collection abuses that impinge their choices about how to respond to their debts and to the collection attempt. *See generally* 15 U.S.C. §§ 1692(e), 1692e(2), 1692g(a)(1). If the required information is omitted without hindering those choices or some other substantive interest the statute protects, there is no harm done—no concrete injury-in-fact. *Cf. Casillas*, 926 F.3d at 334.

Bazile's allegations may support an inference that she suffered a concrete injury. She pled that the collector's letter deprived her of information, which resulted in a misleading or inaccurate statement of the debt's amount.[3] She also made these allegations against the backdrop of Wisconsin law, which—in at least some circumstances—permits interest to accrue on medical debts. *See, e.g.*, *Aker v. Americollect, Inc.*, 854 F.3d 397, 399–400 (7th Cir. 2017).

---

[3] To be clear, we do not decide whether the alleged withholding of required information was a violation of the FDCPA. The merits of a dispute can be decided by a federal court only if the court has jurisdiction to do so, and we are not assured of that authority. Nor is this a situation in which an abysmally unmeritorious claim dictates the absence of jurisdiction. *See Steel Co.*, 523 U.S. at 89 (recognizing that subject-matter jurisdiction may be lacking based on inadequacy of a claim only when the claim is so "completely devoid of merit as not to involve a federal controversy") (quoting *Oneida Indian Nation of N.Y. v. County of Oneida*, 414 U.S. 661, 666 (1974)).

Her complaint thus suggests that interest was accruing on the debt. And her allegations may also support an inference that the lack of information about accruing interest detrimentally altered her choice about how to respond to and repay her debts. Indeed, it would be reasonable to expect discovery to reveal a detailed way in which the omitted information was detrimental to Bazile's substantive interests: Bazile, not knowing that the debt mentioned in the letter was accruing interest, chose to pay another debt with a lower interest rate, causing her to lose the difference between the interest that accrued under the two rates. *See Bell Atlantic v. Twombly*, 550 U.S. 544, 555, 570 (2007) (A complaint "does not need detailed factual allegations" but rather "enough fact to raise a reasonable expectation that discovery will reveal evidence of [a necessary element].")

True, her complaint didn't detail such an injury. But "[c]omplaints need not be elaborate." *Aker*, 854 F.3d at 399–400 (quoting *S. Austin Coal. Cmty. Council v. SBC Commc'ns Inc.*, 274 F.3d 1168, 1171 (7th Cir. 2001)). What matters is whether the allegations support a plausible inference that Bazile suffered a concrete detriment to her debt-management choices. And given the circumstances alleged, the details about how Bazile would have acted differently would have to be resolved later. When she filed her complaint, she could reasonably believe that interest was accruing, but she didn't know how much. As a result, she also didn't know at that time exactly how her choice in debt management would have differed with that information. *Cf. All. for Clean Coal v. Miller*, 44 F.3d 591, 594 (7th Cir. 1995).

So, Bazile may have sufficiently alleged a concrete injury. But even if she did, the action may not proceed without

additional inquiry into whether she actually suffered such a harm. That's because the collector has challenged the truth of the jurisdictional facts underlying Bazile's allegations, and that factual dispute about the court's adjudicatory competency must be resolved before the court can address the merits (if the court has jurisdiction to do so). The collector specifically maintains that no interest has or will accrue on the debt, implying that Bazile could not have suffered an injury from the letter's omission concerning interest accrual. The truth of this assertion, along with Bazile's actions or inactions in response to the letter's exclusion of information about interest, should be determined through an evidentiary hearing. *Cf. Hemmings v. Barian*, 822 F.2d 688, 693 (7th Cir. 1987) ("[I]f jurisdiction is alleged and a question is raised—either by a party or as here by the district judge on his own initiative—about the truth of the allegation, the proper course is not to dismiss outright but to determine whether federal jurisdiction in fact exists.").

Although the collector, when moving to dismiss, did not highlight its factual challenge to Bazile's standing, waiver is off the table when it comes to subject-matter jurisdiction. Federal courts "have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press." *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011). The collector's factual assertions here cast doubt on the court's adjudicatory authority. And that doubt triggers an obligation to "conduct whatever supplementary factual proceedings are necessary to resolve [it]." *Kanzelberger*, 782 F.2d at 777.

We therefore remand for an evidentiary hearing on whether Bazile has standing to sue. If Bazile assures the court that she in fact has standing, a deficiency in her complaint is not necessarily fatal. *See* Fed. R. Civ. P. 15(a)(2) (providing that the court "should freely give leave" to amend a pleading "when justice so requires"); *cf. Casio, Inc. v. S.M. & R. Co.*, 755 F.2d 528, 530 (7th Cir. 1985); *see also Lewert*, 819 F.3d at 969 (recognizing that a dismissal for lack of subject-matter jurisdiction is a dismissal without prejudice).

### III. CONCLUSION

Although more detailed facts consistent with Bazile's complaint may demonstrate standing, the existence of those facts has been called into doubt, requiring further inquiry into the court's subject-matter jurisdiction. We therefore VACATE the judgment and REMAND for proceedings consistent with this opinion.