In the

# United States Court of Appeals
## For the Seventh Circuit

No. 19-2630

KYLE SPUHLER and NICHOLE SPUHLER, on behalf of themselves
and all others similarly situated,

*Plaintiffs-Appellees*,

*v.*

STATE COLLECTION SERVICE, INC.,

*Defendant-Appellant.*

Appeal from the United States District Court for the
Eastern District of Wisconsin.
No. 16-cv-1149 — **Nancy Joseph**, *Magistrate Judge.*

ARGUED APRIL 14, 2020 — DECIDED DECEMBER 15, 2020

Before EASTERBROOK, KANNE, and WOOD *Circuit Judges.*

KANNE, *Circuit Judge.* This is yet another appeal that fo-
cuses on Article III standing to sue for an alleged violation of
the Fair Debt Collection Practices Act ("FDCPA").[1] The appeal

---

[1] *See, e.g., Bazile v. Fin. Sys. of Green Bay, Inc.,* No. 19-1298 (7th Cir. Dec.
15, 2020); *Larkin v. Fin. Sys. of Green Bay, Inc.,* Nos. 18-3582 & 19-1557,

comes to us following a magistrate judge's grant of summary judgment to the plaintiffs on one of their assertions: that the defendant debt collector sent them collection letters that were misleading, in violation of the FDCPA, because the letters lacked a statement that interest was accruing on the debts.

To demonstrate standing at the summary judgment stage of litigation, the plaintiffs must "'set forth' by affidavit or other evidence 'specific facts'" demonstrating that they have suffered a concrete and particularized injury that is both fairly traceable to the challenged conduct and likely redressable by a judicial decision. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992). Because the plaintiffs here have not carried this burden, we vacate the judgment and remand for dismissal of their challenge.

## I. BACKGROUND

Plaintiffs Kyle and Nichole Spuhler incurred medical debts that the defendant, State Collection Service, sought to collect on behalf of the medical-care provider. The collector sent the Spuhlers dunning letters that provided the debts' sums but lacked a statement that interest would accrue on the debts.

The Spuhlers, who sought to represent a class of consumers, filed a complaint against the collector for alleged violations of the FDCPA. The only challenge at issue now is the Spuhlers' contention that because the collector did not include, in the dunning letters, a statement that the debt

---

--- F.3d ---, 2020 WL 7332483 (7th Cir. 2020); *Lavallee v. Med-1 Sols., LLC*, 932 F.3d 1049, 1052–54 (7th Cir. 2019); *Casillas v. Madison Ave. Assocs., Inc.*, 926 F.3d 329 (7th Cir. 2019). This appeal was consolidated with *Bazile* for briefing.

amounts would increase from the accrual of interest, the letters' account of the debts was misleading, contrary to the FDCPA's demands, *see* 15 U.S.C. §§ 1692e(2), 1692f.

On this challenge, the magistrate judge—to whom the matter was referred by the district court[2]—ultimately granted summary judgment to the Spuhlers and certified a class. The collector appealed those decisions, *see* 28 U.S.C. § 636(c)(3), contending that (1) the Spuhlers lack standing to sue based on the letters' lack of a statement about interest; (2) the Spuhlers are otherwise not entitled to judgment as a matter of law because no statement about interest was required under the FDCPA; and (3) class certification was improper.

## II. ANALYSIS

We begin, as we must, with the threshold issue of standing—an essential component of a federal court's jurisdiction to resolve parties' disputes. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 101–02 (1998). And we don't get past that issue because the plaintiffs have not shown they suffered a concrete injury from the challenged conduct.

Before diving into the requirements of Article III standing, it's worth addressing something that the parties assume in their arguments. They assume that Article III standing requirements apply to magistrate judges' "civil jurisdiction," 28 U.S.C. § 636(c)(2)—that is, magistrate judges' authority to conduct proceedings and to order the entry of judgment in civil matters referred to them by the district court, *id.* § 636(c)(1). A magistrate's authority over a "civil matter"

---

[2] The parties consented to the district court's referral of the matter to the magistrate judge. *See* 28 U.S.C. § 636(c).

depends on the district court's referral of that matter, along with the parties' consent. *Id.* Naturally, a district court has power to refer to (and revoke from) a magistrate only matters over which the district court has subject-matter jurisdiction. *See id.* § 636(c)(4). And when the magistrate judge enters judgment "in the case" referred to it, *id.* § 636(c)(1), the magistrate's entry is a "judgment of the district court," *id.* § 636(c)(3); *see Roell v. Withrow*, 538 U.S. 580, 587 (2003). In this way, the magistrate judge—while not an Article III judge—is a judicial officer within the district court, 28 U.S.C. §§ 631, 636; *see United States v. Raddatz*, 447 U.S. 667, 681 (1980); and the requirements of Article III standing apply to the magistrate judge's "civil jurisdiction" under 28 U.S.C. § 636(c).

We now turn to the requirements of Article III standing. As the party invoking the court's jurisdiction, the plaintiff bears the burden of establishing the elements of standing. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016). Those elements are: (1) the plaintiff suffered a concrete and particularized injury in fact; (2) the injury is fairly traceable to the challenged conduct; and (3) the injury is likely to be redressed by a favorable judicial decision. *Lujan*, 504 U.S. at 560–61. These "are not mere pleading requirements" but instead comprise "an indispensable part of the plaintiff's case." *Id.* at 561.

As the litigation progresses, the way in which the plaintiff demonstrates standing changes. *See id.* Initially, a plaintiff may demonstrate standing by clearly pleading allegations that "plausibly suggest" each element of standing when all reasonable inferences are drawn in the plaintiff's favor. *Silha v. ACT, Inc.*, 807 F.3d 169, 173–74 (7th Cir. 2015); *see also Spokeo*, 136 S. Ct. at 1547 (quoting *Warth v. Seldin*, 422 U.S. 490, 518 (1975)). But if a plaintiff's standing is questioned as a factual

matter—for example, in a motion to dismiss under Rule 12(b)(1)—the plaintiff must supply proof, by a preponderance of the evidence or to a reasonable probability, that standing exists. *See Bazile*, No. 19-1298, slip op. 4; *Retired Chi. Police Ass'n v. City of Chicago*, 76 F.3d 856, 862 (7th Cir. 1996). Once the action reaches the summary-judgment stage, the plaintiff must demonstrate standing by "'set[ting] forth' by affidavit or other evidence 'specific facts'" that, taken as true, support each element of standing. *Lujan*, 504 U.S. at 561. Finally, if those facts are later controverted, the plaintiff must adequately support them with evidence adduced at trial. *Id.*

The action before us is at the summary-judgment phase. The magistrate judge entered summary judgment in the Spuhlers' favor after concluding they had standing. We review *de novo* whether the plaintiffs have satisfied the Article III standing criteria. *See Lewert v. P.F. Chang's China Bistro, Inc.*, 819 F.3d 963, 966 (7th Cir. 2016).

The collector argues, in part, that the plaintiffs lack standing because they failed to allege a concrete injury in fact in their complaint. This argument is misplaced because it relies on the standard for demonstrating standing at the pleading stage: whether the plaintiffs clearly alleged facts that plausibly suggest they have standing. *See Spokeo*, 136 S. Ct. at 1547; *Silha*, 807 F.3d at 174. That standard does not govern here. Indeed, if a complaint "omitted essential jurisdictional allegations," but evidence later demonstrates that the court has jurisdiction, "the deficiency in the complaint is not fatal." *Casio, Inc. v. S.M. & R. Co.*, 755 F.2d 528, 530 (7th Cir. 1985); *see* Fed. R. Civ. P. 15(a)(2). After all, the existence of federal jurisdiction "depends on the facts," which allegations can only state—accurately or inaccurately—or fail to state. *Newman-*

*Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 830 (1989). The standard for demonstrating the jurisdictional facts at summary judgment is whether the plaintiffs have supplied evidence of "specific facts" that, taken as true, show each element of standing. *Lujan*, 504 U.S. at 561.

It is under this standard that the plaintiffs have failed to show their challenge is justiciable. Their challenge, again, is that the dunning letters sent by the collector were misleading, in violation of the FDCPA, 15 U.S.C. §§ 1692e(2)(A), 1692f, because the letters did not include a statement that the debts would accrue interest. The Spuhlers maintain that this alleged violation is enough—by itself—to establish a concrete injury necessary for standing.

We have already rejected such a contention in analogous contexts. *See Bazile*, No. 19-1298, slip op. 7; *Larkin*, 2020 WL 7332483, at *4. The failure to provide information that is required under the FDCPA inflicts a concrete injury only if it impairs a plaintiff's ability to use the withheld information "for a substantive purpose that the statute envisioned." *Robertson v. Allied Sols., LLC*, 902 F.3d 690, 694 (7th Cir. 2018); *see Casillas*, 926 F.3d at 333 (quoting *Groshek v. Time Warner Cable, Inc.*, 865 F.3d 884, 887 (7th Cir. 2017)). The FDCPA envisions that debtors will use accurate, non-misleading information in choosing how to respond to collection attempts and how to manage and repay their debts. *See generally* 15 U.S.C. §§ 1692(a), (e), 1692e. This means that for a concrete injury to result from a dunning letter's exclusion of a statement about accruing interest, that exclusion must have detrimentally affected the debtors' handling of their debts.

The record contains no evidence that the absence of a statement about interest had any effect on how the Spuhlers

responded to the letters or managed their debts. The Spuhlers presented no evidence, for example, that they paid a different, lower-interest-rate debt thinking that the debts mentioned in the letter would not accrue interest at all. Nor did they present evidence that they took action to clarify any confusion over whether the debts were accruing interest.

Kyle Spuhler testified that he didn't recall ever seeing the dunning letter that the Spuhlers attached to their complaint; he never looked at any letters sent by the collector; he never called the collector; he didn't know if he had ever paid a bill sent by the collector; he didn't know if his wife, Nichole, had received the letter they attached to their complaint; and Nichole didn't bring to Kyle's attention any of the letters at issue. Simply put, he gave no indication that the allegedly missing information from the letters affected his response to them or his debts. *Cf. Casillas*, 926 F.3d at 334.

Nichole Spuhler did inquire, through phone calls and letters, about the accuracy of the debts' amounts. But the evidence indicates only that she was pursuing copies of the original medical bills to see what the debts were for and to determine whether her insurer had paid, or was supposed to pay, a portion of the owed sums. No evidence indicates that she was seeking information about interest.

Accordingly, the Spuhlers have not set forth evidence of specific facts demonstrating they suffered a concrete injury necessary for standing. Their challenge to the absence—from the dunning letters—of a statement about interest is thus non-justiciable. Because the other matters presented in this appeal are predicated on the Spuhlers' standing, we do not address them.

We thus VACATE the judgment and REMAND for proceedings consistent with this opinion.