In the

# United States Court of Appeals
### For the Seventh Circuit

No. 19-3327

ASHLEY NETTLES,

*Plaintiff-Appellee,*

*v.*

MIDLAND FUNDING LLC, and
MIDLAND CREDIT MANAGEMENT, INC.,

*Defendants-Appellants.*

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 18-cv-7766 — **Edmond E. Chang**, *Judge*.

ARGUED JUNE 4, 2020 — DECIDED DECEMBER 21, 2020

Before SYKES, *Chief Judge*, and EASTERBROOK, *Circuit Judge*.[1]

---

[1] The Honorable Amy Coney Barrett, Associate Justice of the Supreme Court of the United States, was a judge of this court and member of the panel when this case was submitted but did not participate in the decision and judgment. The appeal is resolved by a quorum of the panel pursuant to 28 U.S.C. § 46(d).

SYKES, *Chief Judge*. After Ashley Nettles defaulted on her credit-card account, Midland Funding LLC acquired the debt. Midland sued Nettles in state court, and the parties entered a consent judgment requiring a monthly repayment plan with modest automatic draws from her bank account. The automatic draws ceased after three months when Midland's law firm went out of business. A Midland affiliate then sent Nettles a collection letter that overstated her remaining balance by about $100. That prompted this suit under the Fair Debt Collection Practices Act ("FDCPA" or "the Act"), 15 U.S.C. §§ 1692 *et seq.*

The complaint alleges that the letter is false, misleading, or otherwise unfair or unconscionable in violation of 15 U.S.C. §§ 1692e and 1692f. Nettles proposes to represent a class of consumers who received similar letters. The credit-card agreement, however, contains an arbitration provision giving either party the right to require arbitration of any dispute relating to the account, including collection matters. Midland moved to compel arbitration. The district judge denied the motion, concluding that the arbitration clause does not cover this claim. As permitted by the Federal Arbitration Act, Midland appealed, asking us to reverse and remand with instructions to grant the motion to compel arbitration.

A jurisdictional defect prevents us from reaching the arbitration question. Nettles sued for violation of §§ 1692e and 1692f, but she has not alleged any injury from the alleged statutory violations. Applying our recent decisions in *Larkin v. Finance System of Green Bay, Inc.*, Nos. 18-3582 & 19-1537, 2020 WL 7332483 (7th Cir. Dec. 14, 2020), and *Casillas v. Madison Avenue Associates, Inc.*, 926 F.3d 329 (7th Cir. 2019),

we vacate and remand with instructions to dismiss the case for lack of standing.

## I. Background

In 2015 Ashley Nettles applied for a credit card with Credit One Bank. The bank accepted her application and sent her a credit card and a copy of the cardholder agreement. The agreement explained that by using her card, she became bound by the terms of the cardholder agreement and that its terms were enforceable not only by Credit One but also its successors and assigns. The agreement contains a provision that either party may require arbitration of any dispute relating to the account, including collection matters. Nettles used the card after receiving it and thus became bound by the agreement.

Nettles continued to use her credit card but stopped making payments in January 2016. In July 2016 Credit One charged off the $601.97 balance and sold its rights in her account to MHC Receivables, LLC, which later sold the debt to Sherman Originator III LLC. Sherman Originator in turn sold the debt to Midland Funding LLC.

Midland hired the law firm Blatt, Hasenmiller, Leibsker & Moore LLC, which sued Nettles in Michigan state court to collect the debt. The parties entered a consent judgment that required Nettles to pay Midland $689.37 (the $601.97 account balance plus Midland's $87.40 in court costs) in monthly installments of $50 until paid in full. The Blatt law firm, acting on behalf of Midland, automatically withdrew the $50 payments from Nettles's bank account for three months but then stopped when the firm dissolved. At this point Nettles owed Midland $539.37.

In June 2018 Midland Credit Management, Inc., a Midland affiliate, sent Nettles a letter stating that it would be servicing the debt on behalf of Midland Funding and that her current balance was $643.59, about $104 more than her actual outstanding balance. Nettles responded with this lawsuit against Midland and its affiliate.[2] (The appeal doesn't require us to distinguish between the two, so we refer to them collectively as "Midland.")

The complaint alleges that the collection letter was false, misleading, or otherwise unfair or unconscionable in violation of §§ 1692e and 1692f of the FDCPA. Nettles sought actual and statutory damages and proposed to represent a class of consumers who received similar letters overstating their account balances. Midland moved to compel arbitration, invoking the arbitration provision in the Credit One cardholder agreement. The judge denied the motion, concluding that the claim was beyond the scope of the arbitration provision. He reasoned that the dispute concerned a matter relating to the consent judgment entered in Michigan court—not Nettles's Credit One account.

Midland appealed under the Federal Arbitration Act, which authorizes an immediate appeal from an order denying a motion to compel arbitration. 9 U.S.C. § 16(a)(1); *see Hennessy Indus. v. Nat'l Union Fire Ins. Co.*, 770 F.3d 676, 678 (7th Cir. 2014).

---

[2] The complaint also named the Blatt law firm as a defendant, but Nettles voluntarily dismissed her claim against the firm.

**II. Discussion**

Most of the briefing concerns the arbitration issue, but the parties also identify a possible problem with Nettles's standing to sue. Their attention to the standing issue is belated; in the district court, no one addressed whether Nettles adequately pleaded an injury traceable to the alleged FDCPA violations. But Article III standing is jurisdictional and cannot be waived. *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990); *Freedom from Religion Found., Inc. v. Nicholson*, 536 F.3d 730, 737 (7th Cir. 2008). The standing inquiry resolves this appeal.

As the case comes to us, our analysis of Article III standing asks whether the complaint "clearly allege[s] facts" demonstrating that Nettles has "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016). An injury in fact is an "invasion of a legally protected interest that is concrete and particularized and actual or imminent, not conjectural or hypothetical." *Id.* at 1548 (quotation marks omitted). A concrete injury is a *real* injury—that is, one that actually exists, though intangible harms as well as tangible harms may qualify. *Id*. at 1548–49.

Nettles alleges that Midland's collection letter violated her rights under the FDCPA. But a plaintiff does not "automatically satisf[y] the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right." *Id.* at 1549. To the contrary, "Article III standing requires a concrete injury even in the context of a statutory violation." *Id.*

Our recent decisions in *Casillas* and *Larkin* applied these principles to claims alleging violations of the FDCPA. In *Casillas* the plaintiff alleged that the defendant debt collector violated her rights under § 1692g of the Act by sending her an incomplete collection letter omitting one part of the statutorily required notice about how to exercise her right to dispute her debt. *Casillas*, 926 F.3d at 332. We explained that the plaintiff lacked standing because she had not alleged that the incomplete notice harmed her or created any real risk of concrete harm to her. *Id.* at 334. She did not claim, for example, that she tried to dispute the debt or even *considered* contacting the defendant to dispute or verify the debt. *Id.* So there was no risk that the defendant's error could have caused her to lose § 1692g's statutory protections because she did not ever consider using them. *Id.* at 336.

In *Larkin* we extended the reasoning of *Casillas* to claims under §§ 1692e and 1692f of the FDCAP. 2020 WL 7332483, at *3–4. We acknowledged that § 1692g—the provision at issue in *Casillas*—imposes procedural obligations on debt collectors, while §§ 1692e and 1692f are *substantive* provisions prohibiting "false, deceptive, or misleading representations" and "unfair or unconscionable" debt-collection practices. *Id.* at *3. We held that the distinction between procedural and substantive statutes has no effect the standing analysis: "An FDCPA plaintiff must allege a concrete injury regardless of whether the alleged statutory violation is characterized as procedural or substantive." *Id.* (citing *Thole v. U.S. Bank N.A.*, 140 S. Ct. 1615, 1621 (2020)). The plaintiffs in *Larkin* alleged that certain statements in the defendant debt collector's dunning letters were false, misleading, and unfair, but the complaints contained no allegations of harm or "even an appreciable risk of harm" from the

alleged statutory violations. *Id.* at *4. We concluded that the claims must be dismissed for lack of standing. *Id.*

The same result is required here. Nettles alleges that Midland violated §§ 1692e and 1692f when it overstated the amount of her debt in its collection letter. But her complaint does not allege that the statutory violations harmed her in any way or created any appreciable risk of harm to her. Indeed, on appeal she admits that the letter didn't affect her at all and that her only injury is receipt of a noncompliant collection letter. She invites us to reconsider *Casillas* under Circuit Rule 40(e). We decline the invitation.[3] As something of an afterthought at oral argument, Nettles argued that becoming annoyed and consulting a lawyer suffice to establish injury for standing purposes. We rejected that argument in *Gunn v. Thrasher, Buschmann & Voelkel, P.C.*, No. 19-3514, 2020 WL 7350278, at *2 (7th Cir. Dec. 15, 2020).

*Larkin* and *Casillas* are dispositive here. Because Nettles has not alleged that she suffered an injury from the claimed FDCPA violations, she has failed to plead facts to support her standing to sue. We VACATE the order denying Midland's motion to compel arbitration and REMAND with instructions to dismiss the case for lack of jurisdiction.

---

[3] Nettles relies in part on the Sixth Circuit's decision in *Macy v. GC Services Ltd. Partnership*, 897 F.3d 747, 757 (6th Cir. 2018), which held that an alleged violation of § 1692g is itself enough to create standing. But in *Casillas* we explicitly rejected *Macy* as inconsistent with *Spokeo*, acknowledging that in doing so, we created a circuit split. *Casillas v. Madison Ave. Assocs., Inc.*, 926 F.3d 329, 335–36 (7th Cir. 2019). And as required by Circuit Rule 40(e), *Casillas* was circulated to the full court. *Id.* at 336 n.4. Another Rule 40(e) circulation on the same issue would be pointless.